IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEITH SHUBKAGEL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY, an Ohio corporation,<br><br>*Defendant*. | **CLASS ACTION**<br><br>**Case No.** |

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

Defendant, Progressive Direct Insurance Company ("Progressive Direct"), removes this purported class action from the District Court of Johnson County, Kansas, 10th Judicial District to the United States District Court for the District of Kansas. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, based on the following facts, showing this case may properly be removed to this Court:

1. Plaintiff, Keith Shubkagel ("Plaintiff"), filed this case against Progressive Direct on December 3, 2024, in the District Court of Johnson County, Kansas, 10th Judicial District, Case No. JO-2024-CV-005997. *See* Ex. A, State Court Filings. Progressive Direct accepted service on February 25, 2025. *Id*. at 89.

2. In the Complaint, Plaintiff alleges that he was insured by Progressive Direct, that he was in an automobile accident on or about July 30, 2024, and that Progressive Direct determined that his vehicle was a total loss. Compl. ¶¶ 17-19. Plaintiff alleges that Progressive Direct improperly valued his total loss claim because it used a valuation system provided by Mitchell International, Inc. ("Mitchell") that applies a Projected Sold Adjustment ("PSA") to determine the

1

value of his total loss vehicle. *Id*. ¶¶ 19-26. The PSA adjusts an unsold vehicle's sticker price to account for typical negotiation differences between list and sale prices, a practice Plaintiff contends does not reflect market realities and results in under-payment of claims. *Id*. ¶¶ 23-26, 49.

3. Plaintiff filed this action on behalf of himself and a putative class of "[a]ll persons who made a first-party claim on a policy of insurance issued by Progressive Direct Insurance Company to a Kansas resident . . . and Progressive determined that the vehicle was a total loss and based its claim payment on a valuation report from Mitchell where a Projected Sold Adjustment was applied to at least one comparable vehicle." (the "Class") *Id*. ¶ 51.

4. Based on these allegations, Plaintiff asserts that Progressive Direct breached its insurance contracts with the putative Class members by applying a PSA in determining the actual cash value of their total-loss vehicles (Count I). *Id.* ¶ 64. Plaintiff also asserts a claim for breach of the covenant of good faith and fair dealing based on the same allegations (Count II). *Id*. ¶¶ 66-72.

5. The Complaint seeks damages on behalf of the purported Class members in the form of (i) actual damages in the dollar amount of the undervaluation of Class members' vehicles purportedly caused by the application of PSAs by the Mitchell valuation system, (ii) pre-judgment and post-judgment interest, (iii) attorneys' fees, (iv) and any other relief the Court may deem appropriate. *Id*. ¶¶ 64-65, Prayer for Relief.

6. Based on the allegations of the Complaint, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Progressive Direct has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### I.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

7. Progressive Direct accepted service of the Complaint on February 25, 2025. Ex. A

at 89.

8.      This Notice of Removal is timely, in accordance with 28 U.S.C. § 1441(b), as it is filed within 30 days after Progressive Direct received a copy of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that the time to remove begins to run at service).

9.      Progressive Direct has not yet filed a responsive pleading.[1] *See* Ex. A. Progressive Direct hereby reserves all rights to assert any and all defenses, including failure to state a claim upon which relief may be granted. Progressive Direct further reserves the right to amend or supplement this Notice of Removal.

10.     Progressive Direct is removing this case to the United States District Court for the District of Kansas, which is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a).

11.     Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served" on Progressive Direct and a copy of the state court docket sheet are attached as Exhibit A.

12.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the District Court of Johnson County, Kansas.

## II.     REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).

13.     The Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Sta. 4

---

[1] The Johnson County Clerk extended Progressive Direct's deadline to respond to the Complaint to April 1, 2025. *See* Ex. A at 91. Progressive Direct will respond to the Complaint in this Court within the period allowed under Fed. R. Civ. P. 81(c)(2).

(codified in scattered sections of Title 28 of the United States Code) ("CAFA").

14.     As set forth below, this is a putative class action in which: (1) there are at least 100 members of the alleged class; (2) Progressive Direct is a citizen of a state different than at least one member of the proposed class; and (3) based on the allegations in the Complaint and the Declarations of Brian Duchnak and Dr. Stuart Gurrea, the putative class members' claims put the amount in controversy over $5 million, exclusive of interests and costs. Accordingly, this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(d), and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

   **A.     The Putative Class Consists of More Than 100 Members.**

15.     The putative class consists of "[a]ll persons who made a first-party claim on a policy of insurance issued by Progressive Direct Insurance Company to a Kansas resident where the claim was submitted from the earliest allowable time through the date an order granting class certification is entered, and Progressive determined that the vehicle was a total loss and based its claim payment on a valuation report from Mitchell where a Projected Sold Adjustment was applied to at least one comparable vehicle" (the "Class").  Compl. ¶ 51.

16.     Based on the Plaintiff's allegations alone, this case meets the requirement under CAFA that the purported class consist of more than 100 members. *Id.* ¶ 54 ("Plaintiff is informed and believes that there are thousands of Class members").

17.     Progressive Direct's investigation of reasonably available data also shows that from December 3, 2019 to December 9, 2024,[2] there were at least 13,387 total loss claims with Progressive Direct under Kansas automobile insurance polices that were paid and closed and for which a Mitchell valuation report was generated, and that report could have included a PSA. *See*

---

[2] The statute of limitations for Plaintiff's claims is five years. *See* K.S.A. 60–511(1).

Declaration of Brian Duchnak ("Duchnak Decl.") ¶ 3, attached as Ex. B.

18. Accordingly, the aggregate number of alleged class members is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B. Minimal Diversity Exists.

19. Under CAFA, only minimal diversity is required to confer original federal jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district court shall have original jurisdiction of any civil action . . . [which] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."). This element is satisfied here.

20. Plaintiff alleges that Progressive Direct is an Ohio company with its principal place of business in Ohio. *See* Compl. ¶ 13; Duchnak Decl. ¶ 2 (confirming Progressive Direct's Ohio citizenship). As such, Progressive Direct is an Ohio citizen.

21. Plaintiff alleges that he is a citizen of the State of Kansas. Compl. ¶ 12.

22. Thus, there is minimal diversity here, as Plaintiff is a citizen of Kansas, and Progressive Direct is a citizen of Ohio. 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount in Controversy Exceeds $5 Million.

23. Under CAFA, federal district courts have original jurisdiction where, among other things, the "matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2).

24. To meet this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 574 U.S. 81, 88 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart*, 574 U.S. at 89. This is not a high bar, as the case "belongs in

federal court unless it is legally impossible for the plaintiff to recover" at least $5,000,000. *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 914 (10th Cir. 2016).

25. Based on Plaintiff's allegations and prayer for relief, the $5,000,000 amount in controversy requirement is satisfied here.

26. Plaintiff alleges that PSAs in the amounts of $421.00 and $354.00 were applied to two of the four comparable vehicles in his vehicle valuation report. Compl. ¶ 22. Were it not for the PSA, Plaintiff alleges his payment of ACV would have been $193.75 higher. *Id*. ¶ 50.

27. Plaintiff's allegation that his ACV would have been $193.75 higher was derived by dividing the sum of the PSAs ($775.00) by the total number of comparable vehicles in his valuation report (4) to determine the "Average PSA." Ex. C, Declaration of Dr. Stuart Gurrea ("Gurrea Dec.") ¶ 4.

28. Plaintiff alleges that "Plaintiff and each member of the proposed Class was damaged by Defendant's application of these Projected Sold Adjustments," Compl. ¶ 49, and that Plaintiff's claims "are typical of the claims of the proposed Class." *Id.* ¶ 56.

29. In a sample of 150 claims Progressive Direct settled with Kansas insureds between 2018 and 2022 and produced to Plaintiff's counsel in another case against Progressive Direct, using the same formula as described the Complaint (*i.e.*, the sum of the PSAs in a given report divided by the number of comparable vehicles in the report), the Average PSA was $562.41. Ex. C, Gurrea Dec. ¶¶ 5-7.

30. Assuming, as Plaintiff alleges, that his claims are typical of the claims of the class members and that he was injured by the amount of the Average PSA, the amount of actual damages in controversy due to the PSA would exceed $7,528,982.60 ($562.41 Average PSA x 13,387

number of potential class members). Ex. C, Gurrea Dec. ¶ 7; Compl. ¶¶ 49-50. This is sufficient to satisfy CAFA's amount in controversy requirement.

31. In sum, the factual allegations in the Complaint regarding the compensatory damages Plaintiff seeks on behalf of the purported class demonstrate that CAFA's amount in controversy requirement is satisfied here.

### III. CONCLUSION

32. For all the reasons stated above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

WHEREFORE, Progressive Direct respectfully requests that this action be removed from the District Court of Johnson County, Kansas, to the United States District Court for the District of Kansas, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453(b).

Dated: March 26, 2025

By: /s/ *Matthew W. Greenberg*
Matthew W. Greenberg (KS Bar No. 26051)
Brette S. Hart (KS Bar. No. 22452)
**HARRIS & HART, LLC**
9260 Glenwood Street
Overland Park, KS 66212
Telephone: (913) 213-6980
Fax: (913) 213-6991
Email: mgreenberg@harrisandhart.com
Email: bhart@harrisandhart.com

Jeffrey S. Cashdan*
Zachary A. McEntyre*
J. Matthew Brigman*
Allison Hill White*
Daniel S. Sanders*
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600

Fax: (404) 572-5100
Email: jcashdan@kslaw.com
Email: zmcentyre@kslaw.com
Email: mbrigman@kslaw.com
Email: awhite@kslaw.com
Email: dsanders@kslaw.com

Julia Barrett Bates*
**KING & SPALDING LLP**
500 W. 2nd Street
Austin, Texas 78701
Telephone: (512) 457-2000
Fax: (512) 457-2100
Email: jbates@kslaw.com

*Counsel for Defendant*

\* *pro hac vice* forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, March 26, 2025, I served a copy of the foregoing NOTICE OF REMOVAL on counsel for all parties via U.S. Mail and Email at the following addresses.

| | |
|---|---|
| Joseph Henry (Hank) Bates, III<br>Edwin Lee Lowther, III<br>CARNEY BATES & PULLIAM, PLLC<br>One Allied Drive, Suite 1400<br>Little Rock, AR 72202<br>Email: hbates@cbplaw.com<br>Email: llowther@cbplaw.com | Scott Edelsberg<br>EDELSBERG LAW, P.A.<br>20900 NE 30th Ave., Suite 417<br>Aventura, FL 33180<br>Email: scott@edelsberglaw.com |
| Derek P. Sieck<br>ONDERLAW, LLC<br>110 East Lockwood Ave.<br>St. Louis, MO 63119<br>Email: sieck@onderlaw.com | Jacob L. Phillips<br>Joshua Jacobson<br>JACOBSON PHILLIPS PLLC<br>478 E. Altamonte Drive, Ste. 108-570<br>Altamonte Springs, FL 32701<br>Email: jacob@jacobsonphillips.com<br>Email: joshua@jacobsonphillips.com |
| Andrew J. Shamis<br>Edwin E. Elliott<br>SHAMIS & GENTILE, P.A.<br>14 NE 1st Ave., Suite 705<br>Miami, FL 33132<br>Email: ashamis@shamisgentile.com<br>Email: edwine@shamisgentile.com | Edmund A. Normand<br>NORMAND PLLC<br>3165 McCrory Place, Suite 175<br>Orlando, FL 32803<br>Email: ed@normandpllc.com |

*/s/ Matthew W. Greenberg*
Matthew W. Greenberg (KS Bar No. 26051)

*Counsel for Defendant*